IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ALICE HORTON, Individually and on
behalf of the Wrongful Death Beneficiaries
of WILFORD FORD,                                                    PLAINTIFF,

VS.                                         CIVIL ACTION NO. 4:04CV78-P-B

AMERISOURCEBERGEN DRUG
CORPORATION d/b/a PHARMERICA,
INC.,                                                              DEFENDANT.

## ORDER

These matters come before the court upon Defendant Amerisourcebergen Drug Corporation d/b/a Pharmerica, Inc.'s March 11, 2005 Notice of Appeal and Plaintiff's Motion to Strike said notice of appeal [36-1]. Upon due consideration of the circumstances the court finds as follows, to-wit:

On February 8, 2005, this court entered an Order granting the plaintiff's motion to remand, rejecting the defendant's argument for application of the equitable exception to the one-year removal limit. In said Order the court concluded, in its discretion, that the defendant's evidence was unconvincing that the plaintiff engaged in improper forum manipulation.

On February 9, 2005, the defendant filed a motion for interlocutory appeal. The following day, the court entered its Order denying said motion not only on the merits, but also because 28 U.S.C. § 1447(d) provides: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

Despite this Order, the defendant filed its Notice of Appeal on March 11, 2005, giving notice that it is appealing the court's denial of the interlocutory appeal. The basis for the notice of

appeal is identical to that asserted in its motion for interlocutory appeal – a basis the court clearly rejected the first time. The defendant has apparently ignored the court's denial of its motion for interlocutory appeal by filing the instant notice of appeal. Remarkably, the defendant has done both without providing a shred of authority in support. As previously ruled by this court, the defendant has no legal right to appeal the granting of the plaintiff's motion to remand.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Strike [36-1] is hereby **GRANTED**;

(2) Defendant's Notice of Appeal [34-1] is **STRICKEN** from the record; and

(3) Any further activity in this closed case shall occasion a show-cause order why defense counsel should not be sanctioned.

**SO ORDERED** this the 17th day of August, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE